DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA (RURAL DEVELOPMENT),<br><br>    Plaintiff,<br>  v.<br><br>ALEXANDER SOLOMON and<br>MARIE SOLOMON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2018-0026 |

**Attorney:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff United States of America (Rural Development)*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff United States of America's (Rural Development) ("United States") Motion for Default Judgment (Dkt. No. 10) against Defendants Alexander Solomon and Marie Solomon (collectively, "the Solomons"). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment.

### I. BACKGROUND

On July 2, 2018, the United States filed a Complaint for debt and foreclosure against the Solomons. (Dkt. No. 1). The United States alleges that, on or about July 9, 2002, the Solomons executed and delivered to the United States a Promissory Note (the "Note") in which they promised to pay the principal sum of $33,000, plus interest at the rate of 6.75% per annum, in monthly installments beginning on August 9, 2002. *Id.* at ¶ 5. As security for payment on the Note, the

Solomons executed and delivered to the United States a Mortgage encumbering the property described as:

> Plot No. 633 (0.095 U.S. acres) of Estate Williams Delight, Prince Quarter, St. Croix, Virgin Islands, as more fully shown on OLG Drawing No. 2851-B, dated May 24, 1971.

("the Property") *Id.* at ¶ 6.[1] Additionally, the Complaint alleges that on or about July 9, 2002, the Solomons also entered into a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to the Solomons upon foreclosure of the Mortgage. *Id.* at ¶ 7.

The Complaint further alleges that the Solomons are in default pursuant to the terms of the Note and the Mortgage because they failed to pay the monthly installment due on December 9, 2011 and all subsequent installments. *Id.* at ¶ 8. Consequently, and pursuant to the terms of the loan documents, the United States declared the entire amount of the indebtedness immediately due and payable and demanded payment. *Id.* at ¶ 9. As of the date of the Complaint, the default had not been cured. *Id.* at ¶ 10.

On July 30, 2018, the United States filed Waivers of Service of Summons, signed by each of the Solomons on July 22, 2018. (Dkt. Nos. 3, 5). Thereafter, on October 29, 2018, the Clerk of Court entered default against the Solomons after they failed to answer or otherwise respond to the Complaint. (Dkt. Nos. 8, 9).

On March 23, 2020, the United States filed the instant Motion for Default Judgment against the Solomons. (Dkt. No. 10). In its Memorandum in Support of its Motion, the United States asserts that default judgment is appropriate against the Solomons because: (1) the Solomons signed the

---

[1] The Complaint alleges that the Mortgage was recorded on July 12, 2002 with the St. Croix Office of the Recorder of Deeds. (Dkt. No. 1 at ¶ 6).

2

Note and Mortgage which is evidence of their debt owed to the United States and that they pledged the Property as security for the debt; (2) the Notices of Default, Acceleration of the Mortgage, and Demand for Payment were sent to the Solomons; and (3) the aforementioned documents provide the authority for the United States to foreclose on the Property. (Dkt. No. 11 at 5).

The United States also avers that the procedural elements for default judgment against the Solomons have been satisfied because the Solomons received notice of the foreclosure action and waived formal service of process; the Solomons failed to file an answer to the Complaint; and the Solomons are not infants or incompetent persons, nor in active duty in any branch of the military service. *Id.* at 5-6. In addition, the United States asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2] *Id.* at 5.

Along with the Motion for Default Judgment, the United States included a "Declaration on the Certification of Government Records," signed by Kimme R. Bryce, Area Director, Rural Development[3], who attests that she has personal knowledge of the documents executed by the Solomons, which were maintained as part of the United States' business records. (Dkt. No. 10-4). Additionally, Ms. Bryce signed a Certificate of Indebtedness certifying that the indebtedness on the Solomons' Note is set forth on the Payoff Information Sheet, which itemizes how the interest and costs on the account were calculated. (Dkt. No. 10-5 at 2). Based on the information provided, the indebtedness to the United States as of February 28, 2019 includes a principal balance of

---

[2] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[3] Rural Development is an agency of the United States Department of Agriculture.

$29,294.88; accrued interest from November 9, 2011 through February 28, 2019 of $14,453.91; late charges of $24.96; fees of $18,759.56 (consisting of escrow fees for taxes and insurance of $18,534.56 and title search fees of $225.00); and accrued interest on the fees of $5,500.28, for a total indebtedness of $68,033.59. *Id.* at 3. In addition, Ms. Bryce asserts that $5.4175 in per diem interest continues to accrue on the principal balance and $3.4693 in per diem interest on the fees after February 28, 2019. *Id.*

Counsel for the United States, Angela Tyson-Floyd, Esq., also provided a Declaration of Counsel in support of the United States' Motion for Default Judgment. (Dkt. No. 10-2). Attorney Tyson-Floyd attests that the Solomons failed to file answers to the Complaint; the Solomons are neither infants nor incompetent persons; and the Solomons are not members of the military as verified through the Department of Defense Manpower Data Center's database. *Id*.

On March 23, 2020, the United States filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with USDA Single-Family Housing Direct loans in light of the COVID-19 pandemic. (Dkt. Nos. 12, 12-1). After granting several extensions of the stay at the behest of the United States, the Magistrate Judge lifted the stay on September 1, 2021. (Dkt. No. 27). To date, the Solomons have not responded to the United States' Motion for Default Judgment.

## II.  APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is

addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

## III. DISCUSSION

The United States has satisfied all of the requirements necessary to obtain a default judgment against the Solomons, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. The United States has shown that: (1) the Solomons executed and delivered to the United States a Note and Mortgage on or about July 9, 2022 (Dkt. Nos. 1-1, 1-2); (2) the Solomons are in default under the terms of the Note and Mortgage (Dkt. No. 1-4); and (3) the United States has possession of the Note and is the holder of the Mortgage, which provides that the United States is entitled to foreclose its lien on the Property (Dkt. No. 1-2 at ¶¶ 22-25). Accepting the factual allegations as true, in light of the

accompanying documentation confirming the terms of the Note and Mortgage, the Court finds that the United States has established the merits of its claim for purposes of default judgment.

In addition to establishing the elements of its claim, the United States has satisfied all of the procedural requirements necessary to obtain a default judgment against the Solomons. The United States has properly shown that: (1) default was entered against the Solomons by the Clerk of Court (Dkt. Nos. 8, 9); (2) the Solomons have not appeared in this matter; (3) the Solomons are neither infants nor incompetent persons (Dkt. No. 11 at 6); and (4) the Solomons waived service of process (Dkt. Nos. 10-2). Further, the United States has provided copies of Military Status Reports from the Department of Defense Manpower Data Center establishing that Alexander Solomon and Marie Solomon are not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 10-3).

The United States has also shown with specificity how it calculated the amount due on the account by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 53-2, 53-3). The Court finds that the following amounts are due: principal balance of $29,294.88; accrued interest from November 9, 2011 through February 28, 2019 of $14,453.91; accrued interest from March 1, 2019 through the date of entry of Judgment of $8,294.19; late charges of $24.96; fees of $18,759.56 (consisting of escrow fees for taxes and insurance of $18,534.56 and title search fees of $225.00); accrued interest on the fees (taxes, insurance, title search fees) of $5,500.28 through February 28, 2019; and accrued interest on the fees (taxes, insurance, title search fees) of $5,311.50 from March 1, 2019 until the date of entry of Judgment, for a total indebtedness of $81,639.28. The Court also finds that interest continues to accrue at a per diem interest rate of 6.75%, or $5.4175 per day on the principal balance and $3.4693 per day on the fees—until the date that Judgment is entered.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from the Solomons' breach of their contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, the Solomons' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against the Solomons is appropriate.

## IV.  CONCLUSION

For the reasons discussed above, the Court will grant the United States' Motion for Default Judgment (Dkt. No. 10) against Defendants Alexander Solomon and Marie Solomon. Accordingly, the Court will award the United States Judgment against the Solomons in the amount of $81,639.28 consisting of: the principal balance of $29,294.88; accrued interest from November 9, 2011 through February 28, 2019 of $14,453.91; accrued interest from March 1, 2019 through the date of entry of Judgment of $8,294.19; late charges of $24.96; fees of $18,759.56 (consisting of escrow fees for taxes and insurance of $18,534.56 and title search fees of $225.00); accrued interest on the fees (taxes, insurance, title search fees) of $5,500.28 through February 28, 2019; and accrued interest on the fees (taxes, insurance, title search fees) of $5,311.50 from March 1, 2019 until the date of entry of Judgment. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 9, 2023                                  _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge